IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | |
|---|---|
| TERRY L. KIRKLAND, Administrator of the Estate of JARED LEE KIRKLAND, Deceased, and TERRY L. KIRKLAND and TAMMY KIRKLAND, in their own right,<br><br>Plaintiffs,<br><br>vs.<br><br>DANELLA RENTAL SYSTEMS, INC., DANELLA COMPANIES, INC. RAILTECH BOUTET, INC., and RAILTECH CONTRACTING CORP.,<br><br>Defendants. | CIVIL ACTION<br><br>No. GD-06 23368<br>10<br>PRAECIPE FOR WRIT OF SUMMONS<br><br>Filed on behalf of Plaintiffs<br><br>Counsel of Record for This Party:<br><br>Frank R. Fleming, III, Esq.<br>Pa. I.D. No. 19747<br><br>P.O. Box 18050<br>Pittsburgh, PA 15236<br><br>(412) 391-1960 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

TERRY L. KIRKLAND, Administrator of the
Estate of JARED LEE KIRKLAND, Deceased,
and TERRY L. KIRKLAND and TAMMY
KIRKLAND, in their own right,

    Plaintiffs,

vs.

DANELLA RENTAL SYSTEMS, INC.
DANELLA COMPANIES, INC.
RAILTECH BOUTET, INC., and
RAILTECH CONTRACTING CORP.,

No.

## PRAECIPE FOR WRIT OF SUMMONS

TO: The Prothonotary:

    Kindly issue a writ of summons regarding the above captioned matter.

                                FRANK R. FLEMING, III, P.C.

                                Frank R. Fleming, III, Esq.
                                  Counsel for Plaintiffs
                              P.O. Box 18050
                              Pittsburgh, PA  15236

                              (412) 391-1960

## SHERIFF RETURN

| | |
|---|---|
| Case No : | GD-06-023368 |
| Case Description : | Estate of Jared Lee Kirkland vs Danella Companies |
| Defendant : | Danella Rental Systems Inc. |
| Service Address : | 2290 Butler Pike Plymouth Meeting, PA 19462 Montgomery |
| Writ Description : | WRIT OF SUMMONS |
| Issue Date : | 10/2/2006 |
| Service Status : | Served - Adult Agent or person in charge of Defendant(s) office or usual place of business |
| Served Upon : | GLENNA MILLARES |
| Served By : | NEE |
| Served on : | Friday, October 13, 2006 at 10:00 |
| Service Method : | Deputize |

All Plaintiffs
Estate of Jared Lee Kirkland
Terry L. Kirkland
Tammy Kirkland

vs

Danella Companies Inc.
Danella Rental Systems Inc.
Railtech Boutet Inc.
Railtech Contracting Corporation

## SHERIFF RETURN

| | |
|---|---|
| **Case No :** | GD-06-023368 |
| **Case Description :** | Estate of Jared Lee Kirkland vs Danella Companies |
| **Defendant :** | Danella Companies Inc. |
| **Service Address :** | 2290 Butler Pike Plymouth Meeting, PA 19462 Montgomery |
| **Writ Description :** | WRIT OF SUMMONS |
| **Issue Date :** | 10/2/2006 |
| **Service Status :** | Served - Adult Agent or person in charge of Defendant(s) office or usual place of business |
| **Served Upon :** | GLENNA MILLARES |
| **Served By :** | NEE |
| **Served on :** | Friday, October 13, 2006 at 10:00 |
| **Service Method :** | Deputize |

All Plaintiffs
Estate of Jared Lee Kirkland
Terry L. Kirkland
Tammy Kirkland

vs

Danella Companies Inc.
Danella Rental Systems Inc.
Railtech Boutet Inc.
Railtech Contracting Corporation

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| TERRY L. KIRKLAND, Administrator of the Estate of JARED LEE KIRKLAND, Deceased, and TERRY L. KIRKLAND and TAMMY KIRKLAND, in their own right,<br><br>Plaintiffs,<br><br>vs.<br><br>DANELLA RENTAL SYSTEMS, INC., DANELLA COMPANIES, INC. RAILTECH BOUTET, INC., and RAILTECH CONTRACTING CORP.,<br><br>Defendants. | CIVIL ACTION<br><br>No. GD06-023368<br><br>COMPLAINT IN CIVIL ACTION<br><br><br>Filed on behalf of Plaintiffs<br><br>Counsel of Record for This Party:<br><br><br>Frank R. Fleming, III, Esq.<br>Pa. I.D. No. 19747<br><br>P.O. Box 18050<br>Pittsburgh, PA 15236<br><br>(412) 391-1960 |

1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

TERRY L. KIRKLAND, Administrator of the
Estate of JARED LEE KIRKLAND, Deceased,
and TERRY L. KIRKLAND and TAMMY
KIRKLAND, in their own right,

     Plaintiffs,

vs.

DANELLA RENTAL SYSTEMS, INC.
DANELLA COMPANIES, INC.
RAILTECH BOUTET, INC., and
RAILTECH CONTRACTING CORP.,

No. GD06-023368

## NOTICE TO DEFEND

     You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint is served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Allegheny County Bar Association
920 City County Building
414 Grant Street
Pittsburgh, PA  15219

### TELEPHONE:  (412) 261-0518

2

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TERRY L. KIRKLAND, Administrator of the
Estate of JARED LEE KIRKLAND, Deceased,
and TERRY L. KIRKLAND and TAMMY
KIRKLAND, in their own right,

    Plaintiffs,

vs.

DANELLA RENTAL SYSTEMS, INC.
DANELLA COMPANIES, INC.
RAILTECH BOUTET, INC., and
RAILTECH CONTRACTING CORP.,

No. GD06-023368

## COMPLAINT IN CIVIL ACTION

Plaintiffs, Terry L. Kirkland, Administrator of the Estate of Jared Lee Kirkland, deceased and Terry L. Kirkland and Tammy Kirkland, in their own rights, by their attorneys, Frank R. Fleming, III, P.C., brings these causes of action of which the following is a statement:

1. Plaintiffs are adults domiciled in the State of West Virginia. Plaintiff, Terry L. Kirkland, is administrator of the estate of Jared Lee Kirkland, deceased ("Decedent") by virtue of letters of administration issued in Marshall County, West Virginia. Plaintiff Tammy Kirkland is decedent's mother.

2. Defendant, Danella Rental Systems, Inc. ("Danella Rental") is a Pennsylvania corporation with a registered office at 2290 Butler Pike, Plymouth Meeting, Pennsylvania 19462 believed to be engaged in the business of leasing motor vehicles, and, in particular,

3

commercial motor vehicles, throughout the United States including Allegheny County, Pennsylvania.

3. Defendant, Danella Companies, Inc. ("Danella Companies") is a Pennsylvania Corporation with a registered office at 2290 Butler Pike, Plymouth Meeting, Pennsylvania 19462. It is believed, and therefore averred, that Danella Companies is the parent of Danella Rental.

4. Defendant, Railtech Boutet, Inc. ("Railtech Boutet"), is an Ohio Corporation with a registered address at 25 Institute Drive, Napoleon, Ohio 43545 and believed to be engaged in the business of manufacturing, distributing, and selling railroad welding equipment and supplies throughout the United States and, in particular, Allegheny County, Pennsylvania.

5. Defendant, Railtech Contracting Corporation ("Railtech Contracting"), is an Ohio Corporation with a registered address at 25 Interstate Drive, Napoleon, Ohio 43545 and believed to be engaged in the business of, *inter alia*, welding railroad rails throughout the United States and, in particular, Allegheny County, Pennsylvania.

6. At all times material hereto, all corporate defendants were acting by and through their duly authorized agents, servants and employees, all of whom were acting within the course and scope of their authority.

7. Decedent died October 2, 2004 as the direct and proximate result of injuries sustained in a motor vehicle collision that occurred on U.S. Highway 287 approximately 3.9 miles north of Stafford, Texas.

8. At the time of his death, decedent was domiciled in the state of West Virginia.

9. At the time of his death, decedent left issue, being a minor son, Justus Gabriel Lee Kirkland, having been born May 13, 2001 and also domiciled in the state of West Virginia.

10. At the time of his death, decedent had been for several years employed by defendants, Railtech Boutet and/or Railtech Contracting (hereinafter collectively referred to as Railtech) as a welder.

11. At the time of the collision that caused his death, decedent was operating a 1998 White/Chevrolet C7500 Truck having a gross vehicle weight (GVW) rating of 60,000 pounds ("C7500 Truck").

12. The C7500 Truck was owned by Danella Rental and registered in the state of Colorado.

13. Danella Rental and/or Danella Companies (hereinafter collectively referred to as "Danella") had given possession of the C7500 Truck to Railtect in violation of the Federal Motor Carrier Regulations requiring the existence of a written lease, 49 CFR § § 376.11-376.12.

14. At the time of the collision, decedent did not possess a valid operator's license from any state, let alone a valid commercial driver's license ("CDL") as was required to operate the C7500 Truck.

15. Railtech permitted decedent to operate the C7500 Truck on numerous occasions with full knowledge that he lacked both a valid operator's license and the training and experience required to operate a commercial vehicle requiring a CDL, such as the C7500 Truck.

16. The operation of the C7500 Truck by decedent presented a high degree of risk and a strong possibility of serious injury or death.

17. Railtech had a subjective realization and an appreciation that decedent's operation of the C7500 Truck presented a high degree of risk and the strong possibility of serious injury or death.

18. Decedent's operation of the C7500 Truck was a direct violation of numerous federal safety statutes, rules and regulations including:

   a. 49 CFR § 391.11 – requirement to determine qualification of driver;
   b. 49 CFR § 391.21 – requirement for employment application;
   c. 49 CFR § 391.23 – requirement for investigation and inquiry of driver's driving record and employment history;
   d. 49 CFR §§ 391.25, 391.27, and 391.51 – failure to annually review decedent's driving record and failure to maintain a file regarding qualifications to drive;

    e. 49 CFR §§ 391.103, 391.105, and 391.109 – requirement for pre-employment, by biennial and random controlled substance testing;

    f. 49 CFR §§ 383.37, 383.51, and 391.15 – entrusting a commercial vehicle to a disqualified operator; and,

    g. 49 CFR § 391.15 – permitting operation of a commercial vehicle at a time when the operator was disqualified to operator it.

19. Notwithstanding the existence of the facts set forth in paragraphs 1-18, above, Railtech nevertheless exposed decedent to the risk of operating a commercial vehicle without adequate background checks, training, qualifications and/or licensing as a result of which decedent suffered serious injury resulting in his death.

COUNT I
WRONGFUL DEATH
Pursuant to West Virginia Code 23-4-2
<u>Plaintiffs v. Defendants, Railtech Boutet and Railtech Contracting</u>

20. Plaintiff incorporates herein by reference thereto paragraphs 1-19, inclusive, of this complaint as if the same were more fully set forth herein.

21. If it is proven that decedent was acting as Railtech's servant at the time of his death, plaintiffs as administrator of decedent's estate and his parents allege a claim based upon West Virginia Code 23-4-2 and bring this action by virtue of 42 Pa. C.S. § 8301, the Pennsylvania Wrongful Death Act and by virtue of similar statutes and laws as in effect in the State of West Virginia.

22. Plaintiffs demand damages provided by law including but not limited to the reasonable funeral expenses and expenses of the administration necessitated by reason of decedent's death.

WHEREFORE, plaintiffs demand judgment against defendants, Railtech Boutet and Railtech Contracting, jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration of this Honorable Court with damages for delay, if applicable, and interest and costs as allowed by law.

COUNT II
SURVIVAL ACTION
Pursuant to West Virginia Code 23-4-2
<u>Plaintiffs v. Defendants, Railtech Boutet and Railtech Contracting</u>

23. Plaintiffs incorporate herein by reference thereto paragraphs 1-19, inclusive, of this complaint as if the same were more fully set forth herein.

24. If it is proven that decedent was acting as Railtech's servant at the time of his death, plaintiffs allege a claim based upon West Virginia Code 23-4-2 and bring this action by virtue of 42 Pa. C.S. § 8302 and 20 Pa. C.S. § 3371 and similar statutes and laws as in effect in the state of West Virginia.

25. Decedent commenced no action against defendants during his lifetime upon the facts herein alleged.

WHEREFORE, plaintiffs demand judgment against defendants, Railtech Boutet and Railtech Contracting, jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration of this Honorable Court with damages for delay, if applicable, and interest and costs as allowed by law.

COUNT III
NEGLIGENCE
<u>Plaintiffs v. Defendants, Railtech Boutet and Railtech Contracting</u>

26. Plaintiffs incorporate herein by reference thereto paragraphs 1-19, inclusive, of this complaint as if the same were more fully set forth herein.

27. Plaintiffs injuries and damages as hereinabove set forth were the direct and proximate result of the negligence of defendants, Railtech, jointly and severally, in the following particulars:

   a. In entrusting the C7500 Truck to decedent when they knew that he did not possess a valid operator's license;

   b. In entrusting a C7500 Truck to decedent when they knew that he lacked proper training to operate the vehicle;

   c. In entrusting a C7500 Truck to decedent when they knew, or should have known, that decedent was unqualified and unfit to drive the vehicle;

   d. In entrusting a C7500 Truck to decedent when they knew, or should have known, that he was unqualified and/or incompetent to drive the vehicle;

   e. In failing to perform a background check to ensure decedent's competence to drive the C7500 Truck when he was hired or entrusted with the vehicle;

   f. In failing to train and/or supervise decedent in the operation of the C7500 Truck;

   g. In permitting or allowing decedent to operate the C7500 Truck when they knew, or should have known, that his ability or alertness was so impaired and compromised through fatigue or other causes as to make it unsafe for him to operate the truck.

   h. In scheduling runs and delivery times for decedent when they knew, or should have known, that his operation of the C7500 Truck would be compromised such that his ability and alertness would be impaired

9

      through fatigue so as to make it unsafe for him to operate the vehicle; and,

    i. In violating the various Federal Motor Carrier Regulations, Title 49 CFR as follows: § 383.37, § 383.51, § 391.11, § 391.21, § 391.23, § 391.25, § 391.27, § 391.51, § 391.103, § 391.105, § 391.109, § 392.3, § 396.3, § 396.11, § 396.13, and § 396.17.

28. As the direct and proximate result of the negligence of defendants, Railtech Boutet and Railtech Contracting, jointly and severally, decedent was killed in the motor vehicle collision of October 4, 2004 with the result that Plaintiffs sustained the following damages:

    a. They lost his support, love and affection;

    b. His minor son lost his father's support, companionship, love and affection and guidance; and,

    c. They incurred funeral expenses and administrative costs.

29. Plaintiffs bring this action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301.

WHEREFORE, plaintiffs demand judgment against defendants, Railtech Boutet and Railtech Contracting, jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration of this Honorable Court with damages for delay, if applicable, and interest and costs as allowed by law.

COUNT IV
NEGLIGENCE/SURVIVAL ACTION
Plaintiffs v. Defendants, Railtech Boutet and Railtech Contracting

30. Plaintiffs incorporate herein by reference thereto paragraphs 1-19, inclusive, 27 and 28 of this complaint as if the same were more fully set forth herein.

31. Plaintiffs bring this action by virtue of 42 Pa. C.S. § 3371.

32. Decedent commenced no action against defendants during his lifetime on the facts herein alleged.

COUNT V
WRONGFUL DEATH
Plaintiffs v. Defendants, Danella Rental and Danella Companies

33. Plaintiffs incorporate herein by reference thereto paragraphs 1-19, inclusive, 27, and 28 of this complaint as if the same were more fully set forth herein.

34. Danella was owner of the C7500 Truck operated by decedent at the time of the accident. It is believed, and therefore averred, that Danella had its name or identity painted to the doors or other portions of the C7500 Truck at the time of the accident.

35. Pursuant to 49 CFR § 390.5, *et seq.*, Danella was responsible for decedent's operation of the vehicle.

36. Danella did not enter into a written lease granting the use of the C7500 Truck to another authorized carrier as required by 49 CFR §§ 376.11-376.12.

37. Plaintiffs injuries and damages as hereinabove set forth were the direct and proximate result of the negligence of Danella, jointly and severally, in the following particulars:

    a. In negligently entrusting the C7500 Truck to decedent, when they knew, or should have known, that he was an incompetent and unlicensed driver;

    b. In negligently entrusting the C7500 Truck to decedent, when they knew, or should have known, that decedent was untrained and unqualified to operate the vehicle;

    c. In entrusting a commercial vehicle to decedent when he was disqualified to operate it in violation of 49 CFR § 392.3;

    d. In failing to take such reasonable steps and precautions so as to prevent unlicensed and unqualified operators, such as decedent, from operating the C7500 Truck; and,

    e. In violating the various Federal Motor Carrier Regulation, Title 49 CFR Sections: § 383.37, § 383.51, § 391.11, § 391.21, § 391.23, § 391.25, § 391.27, § 391.51, § 391.103, § 391.105, § 391.109, § 392.3, § 396.3, § 396.11, § 396.13, and § 396.17.

38. As a direct and proximate result of the negligence of Daniella, jointly and severally, as aforesaid, plaintiff sustained the injuries and damages set forth in paragraph 28 above.

39. Plaintiffs are proper persons to bring this wrongful death action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301.

40. Pursuant to the Pennsylvania Wrongful Death Act, plaintiffs demand damages as provided by law including the reasonable funeral expenses and expenses of administration necessitated by decedent's death.

WHEREFORE, plaintiffs demand judgment against Danella Rental and Danella Companies, jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration of this Honorable Court with damages for delay, if applicable, and interest and costs as allowed by law.

## COUNT VI
## SURVIVAL ACTION
### Plaintiffs v. Defendants, Danella Rental and Danella Companies

41. Plaintiffs incorporate herein by reference thereto paragraphs 1-19, inclusive, 27, 28, and 34-40, inclusive, of this complaint as if the same were more fully set forth herein.

42. Plaintiffs bring this action by virtue of 42 Pa. C.S. § 8302 and 20 Pa. C.S. § 3371.

43. Decedent commenced no action against defendants during his lifetime upon the facts herein alleged.

WHEREFORE, plaintiffs demand judgment against defendants, Danella Rental and Danella Companies, jointly and severally, in an amount in excess of the jurisdictional limits

of compulsory arbitration of this Honorable Court with damages for delay, if applicable, and interest and costs as allowed by law.

                                      FRANK R. FLEMING, III, P.C.

JURY TRIAL DEMANDED

                                      _____
                                      Frank R. Fleming, III, Esq.
                                        Counsel for Plaintiffs
                                      P.O. Box 18050
                                      Pittsburgh, PA  15236

                                      (412) 391-1960

## **VERIFICATION**

I, Terry L. Kirkland, Personal Representative of the Estate of Jared L. Kirkland, AND Tammy Kirkland, in my own right, verify the statements and averments made in the foregoing Complaint in Civil Action are true and correct to the best of our knowledge, information and belief. We understand that false statements herein is subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Date: 12/28/09

_____
TERRY L. KIRKLAND


_____
TAMMY KIRKLAND

15

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Complaint in Civil Action was served upon the following by U.S. first class mail, postage pre-paid, according to the Pennsylvania Rules of Civil Procedure, on the 6th day of January, 2010.

Gerard J. Cipriani, Esquire
Cipriani & Werner, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA  15228

Danella Companies, Inc.
Danella Rental Systems, Inc.
2290 Butler Pike
Plymouth Meeting, PA  19462


FRANK R. FLEMING, III, P.C.


_____
Frank R. Fleming, III, Esq.
P.O. Box 18050
Pittsburgh, PA  15236

(412) 391-1960

16